IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAZEL PERKINS,

          Plaintiff,

v.                                                                                 No. CIV 99-1506 BB/WWD

MICHAEL "CHUNKY" CLICK, HARVEY
RODRIGUEZ, SHERRY ELLIS, BLAINE
RENNIE, and KELLY LOWE,

          Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of a motion for attorney's fees and costs filed by Plaintiff against Defendant Rodriguez (Doc. 49). The Court has reviewed the submissions of the parties and the relevant law, and for the reasons discussed below, will grant the application, with the minor exceptions discussed below. In addition, Plaintiff will be awarded attorney's fees for the hours spent litigating this issue, in an amount to be determined later. The parties are encouraged to resolve that question without the assistance of this Court.

As the parties are aware, on September 11 this Court held a hearing on the issue of the appropriate amount of fees to allocate to Defendant Rodriguez ("Defendant"). The positions of the parties are as follows: Defendant believes the fees requested by Plaintiff's counsel should be reduced, as inadequately documented, and that the resulting amount should be divided by three, because there were three major defendants in the case. He asks that he be held responsible for only one-third of the total amount of fees incurred by Plaintiff up to the point the offer of judgment was accepted. Plaintiff, on the other hand, contends the majority of the fees were incurred as a result of Defendant's actions, and asks that the fees be traced to the particular defendant responsible for the fees.

The Court rejects Defendant's claim that Plaintiff's counsel inadequately documented various amounts of time spent on the case. Review of the materials submitted by the parties, including the supplemental materials filed by counsel for Plaintiff, reveals an adequate basis for determining what amount of time was spent performing which task. Furthermore, the amount of time spent on the case by Plaintiff's counsel was entirely reasonable, given the nature of the case, the number of depositions noticed and performed by Defendant, and the travel time necessitated by the location of the litigation. It is worth noting, as Plaintiff has pointed out, that counsel for Plaintiff applied for only about 80 hours on this case, compared to the 140 hours of attorney time and 33 hours of paralegal time spent on the case by counsel for Defendant. Finally, the Court notes that it is not required to to identify and justify every hour allowed or disallowed, to prevent the request for attorney's fees from degenerating into a second major litigation. *See Ellis v. Univ. of Kansas Med. Center*, 163 F.3d 1186, 1202 (10th Cir. 1998). The Court will find the hours spent on this case by counsel for Plaintiff were reasonable and necessary, and therefore compensable.

Given the above finding, the remaining question is how the amount of fees claimed by Plaintiff should be allocated. Depending on the circumstances, it might be appropriate in a multiple-defendant case to simply allocate the responsibility for attorney's fees equally among the defendants. *See Herbst v. Ryan*, 90 F.3d 1300, 1304-05 (7th Cir. 1996). Factors auguring in favor of such a resolution are a determination that the defendants are equally culpable for the injuries suffered by the plaintiff, and are equally responsible for the litigation expenses incurred in the case. *Id.* In this case, however, Plaintiff has contended, and Defendant has not denied, that Defendant's efforts to litigate the case were the cause of the lion's share of work performed by Plaintiff's counsel. For example, many of the depositions performed in the case were scheduled by Defendant. Given that circumstance, the Court finds it appropriate to assess fees on the basis of the relative time spent litigating against each

defendant.  According to counsel for Plaintiff, the hours for which counsel now requests compensation were spent litigating the case against this particular Defendant, and hours not related to this Defendant were redacted.  An example of this is the time spent on the deposition of Defendant Ellis; that time was not included in Plaintiff's request for fees.  The Court does note, however, that the request includes time spent in preparing for, and then taking, the deposition of Defendant Click.  It is true that this deposition was relevant to the case against this Defendant as well as Sheriff Click, since this Defendant acted pursuant to instructions or policies promulgated by Click.  However, the deposition was also obviously central to the case against Click.  For that reason, the Court deems it fair that the time spent on the deposition should be split between Defendant and Sheriff Click.  The Court will therefore reduce the hours claimed by Plaintiff by two hours (the deposition lasted approximately two hours, and assuming preparation time approximately equal to the deposition time, the total of four hours is then split in half).  Also, the amount claimed by Plaintiff for the cost of Sheriff Click's deposition, as well as the attorney's fees, should be split as well; at this point, the Court has not been informed what that cost is.

      The Court's review of the tasks performed by Plaintiff's counsel does not reveal any other tasks that are immediately apparent as tasks not primarily necessary for the case against Defendant.  Furthermore, Defendant has not pointed out any instances of time that should be considered the responsibility of a different Defendant, other than making the split-the-fees-three-ways argument rejected above.  Therefore, the remainder of the fees and costs requested by Plaintiff will be awarded against this Defendant.

**ORDER**

Pursuant to the foregoing opinion, Plaintiff's motion for attorney's fees and costs (Doc. 49) will be GRANTED in part and DENIED in part. A final award of attorney's fees and costs will be entered after the Court determines the amount of time Plaintiff's counsel have spent litigating the fees issue.

Dated this 1st day of October, 2001.

BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Daymon B. Ely
1228 Central S.W.
Albuquerque, New Mexico 87102

James R. Scarantino
714 Montclaire N.E.
Albuquerque, New Mexico 87110

**For Defendants**:
Richard E. Olson
Derek L. Brooks
Hinkle, Hensley, Shanor & Martin, L.L.P.
P.O. Box 10
Roswell, New Mexico 88202